# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| **MARSHA SENSENIG, on behalf of herself and all others similarly situated,** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | Case. No.: |
| **WELLPET, LLC,** ) ) | |
| **Defendant.** ) | |

## CLASS ACTION COMPLAINT

This class action stems from defendant's marketing and selling of pet foods as "Made in the U.S.A.," when the products contain substantial ingredients sourced from foreign countries. Plaintiff brings this class action under the laws of Illinois and the similar laws of other states on her own behalf and on behalf of all others similarly situated.

### I.

### Parties, Jurisdiction, and Venue

1. Plaintiff Marsha Sensenig is an adult resident citizen of Lee County, Illinois, which is within this district and division.

2. Defendant WellPet, LLC is a Delaware limited liability corporation with its principal place of business in Tewksbury, Massachusetts.

1

3. Because there is diversity between Plaintiff and the Defendant, and because the aggregate amount in controversy for the class claims exceeds $5,000,000, exclusive of interest and costs, diversity jurisdiction exists under 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005.

4. According to the package label of the products, Defendant WellPet is the manufacturer of Wellness dog food and cat food, Eagle Pack dog food, and Holistic Select dog food.

5. Defendant sold, and plaintiff bought, the Wellness dog food product in this district and division, so venue is appropriate under 28 U.S.C. § 1391(b)(2) as a substantial part of the conduct giving rise to this action occurred in this district and division.

## II.

## Factual Background

6. On several occasions within the applicable limitations period, Plaintiff Marsha Sensenig purchased Defendant's Wellness brand dog food for household use, specifically, to feed her dog.

7. The label of Defendant's Wellness brand dog food and its other pet foods state that the products are "Made in the U.S.A."



8. This representation of the USA as the country of origin is deceptive because Defendant's products contain ingredients sourced in foreign countries. These foreign-sourced ingredients include vitamins and minerals, such as, without limitation, vitamin C (ascorbic acid). The pet foods are not "all or virtually all" made in the USA, and the parts of the vitamins and minerals sourced from outside the USA are a "significant part" of the products. They are a "significant part" because all of these products are labeled with a core product description "with added vitamins, minerals & trace nutrients for wellbeing," or a similarly worded description.



3

Therefore, under the guidelines of the Federal Trade Commission, the use of the phrase "made in the USA" on the labels is deceptive.

9. Plaintiff has suffered damages because she paid more for the products than they were actually worth. She believed the products to be made in the USA and relied upon that in her purchase decision. Recalls of pet food, often because of adulterated foreign-sourced ingredients, have been rampant in recent years. These recalls have made the news and resulted in public desire for safe pet foods with ingredients sourced in the United States. Recalls as recent as this month were issued because of contamination with listeria bacteria, salmonella, propylene glycol (an ingredient not approved for cat foods because of toxicity), mold, Amantadine (an antiviral human drug not approved for use in animal food), elevated and toxic levels of Vitamin D, heavy metals, and others. An incomplete list of these recent headline-making recalls may be found at http://truthaboutpetfood.com/category/pet-food-recalls/.

10. Defendant sells other pet foods, including dog foods and cat foods, that also are labeled "Made in the U.S.A." but contain ingredients manufactured and sourced in foreign countries. These foreign-sourced ingredients include, without limitation, vitamin C. Those products were also were not "all or virtually all" made in the USA. Like the products Plaintiff purchased, those products contained significant ingredients sourced outside the USA.

4

## III.

## Class Allegations

11. Plaintiff brings this action on her own behalf and on behalf of others similarly situated as a multi-state class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The class which Plaintiff seeks to represent is composed of and defined as:

> All persons in states which have enacted the Uniform Deceptive Trade Practices Act, the Illinois Consumer Fraud and Deceptive Business Practices Act, or any act similar in substance, who, within the applicable limitations period, have purchased pet foods manufactured and marketed by Defendant and labeled "Made in the U.S.A." or were otherwise labeled as "USA-sourced" items.

The Illinois laws in question are 815 ILCS 510/2 and 815 ILCS 505/2. The other states with similar if not identical law are California, Florida, Michigan, Minnesota, Missouri, New Jersey, New York, and Washington. See Cal. Bus. & Prof. Code § 17200, et seq.; Fla. Stat. § 501.201 et seq.; Mich. Stat. §445.901 et seq.; Minn. Stat. §§325F.68-325F.70; Mo. Rev. Stat § 407.010 et seq.; N.J. Stat. Ann. § 56:8-1 et seq.; N.Y. Gen. Bus. Law § 349 et seq.; and Wash. Rev. Code §19.86.010 et seq. In Mullins v. Direct Digital, LLC, the plaintiff sought to represent a similar class, including all nine states that Plaintiff seeks to include here. 795 F.3d 654 (7th Cir. 2015). The Seventh Circuit affirmed certification of the multi-state class alleging violations of these laws in Mullins. Id.

12. Alternatively, if the Court does not certify the above class, Plaintiff seeks to represent the following Illinois-only class:

> All Illinois residents who, within the applicable limitations period, have purchased pet foods manufactured and marketed by defendant and labeled "Made in the U.S.A." or were otherwise labeled as "USA-sourced" items.

13. This action has been brought and may be properly maintained as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure, and satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements thereof.

14. Defendant markets its pet foods in major retail stores throughout the United States as well as on the Internet. Therefore, the plaintiff class is so numerous that the individual joinder of all members is impracticable. The class meets the numerosity requirement of Fed. R. Civ. Proc. 23(a)(1).

15. Common questions of law and fact, including whether Defendant's pet foods contain ingredients manufactured and sourced from foreign countries, exist in this case. The class meets the commonality requirement of Fed. R. Civ. Proc. 23(a)(2).

16. Plaintiff's claims are typical of the claims of the members of the class under Fed. R. Civ. P. 23(a)(3). The Plaintiff and all members of the class sustained damages arising out of Defendant's course of conduct in violation of the law as

complained herein. The losses of each member of the class were caused directly by defendant's wrongful conduct in violation of the law as alleged herein.

17. The Plaintiff named herein will fairly and adequately protect the interests of the class as required by Fed. R. Civ. P. 23(a)(4). Plaintiff has no interests which are adverse to the interests of absent class members. Plaintiff, like all class members, purchased pet foods falsely labeled "Made in the U.S.A."

18. A class action is superior to other available methods for the fair and efficient adjudication of this controversy under Fed. R. Civ. Proc. 23(b) because individual joinder of all class members is impracticable. Furthermore, because the damages suffered by each individual member of the class may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual class members to redress the wrongs done to them. Individual litigation would likewise burden the court system to a much greater degree than a class action, and would present the potential for inconsistent or contradictory judgments. By contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each class member.

## IV.

## Claims for Relief

### COUNT 1

### Violation of Uniform Deceptive Trade Practices Act

19. Plaintiff incorporates by reference paragraphs 1-18 of this Complaint as if fully set forth herein.

20. The Uniform Deceptive Trade Practices Act, codified in Illinois at 815 ILCS 510/1 et seq., makes it a deceptive trade practice to use "deceptive representations or designations of geographic origin in connection with goods or services." 815 ILCS 510/2(a)(4).

21. Defendant violated 815 ILCS 510/2(a)(4) by labeling and marketing its pet foods as made in the USA when, in fact, they were not.

22. Defendant has violated this section repeatedly and willfully, intentionally using "Made in the U.S.A." labels to confuse and defraud shoppers.

23. Plaintiff, and the class she represents, are entitled to injunctive relief as well as costs and attorneys' fees under 815 ILCS 510/3.

### COUNT 2

### Violation of Illinois Consumer Fraud and Deceptive Business Practices Act

24. Plaintiff incorporates by reference paragraphs 1-18 of this Complaint as if fully set forth herein.

25. 815 ILCS 505/2 makes it an unfair or deceptive act or practice to engage in any activity that violates 815 ILCS 510/2. Because Defendant violated 815 ILCS 510/2(a)(4), it also violated 815 ILCS 505/2.

26. Under 815 ILCS 505/2, the "Made in the USA" statements by Defendant constituted a deceptive act or practice. The "Made in the USA" statements were made and the purchases occurred in trade or commerce. Defendant intended that Plaintiff and the rest of the class rely on the statements. The deception caused damage to Plaintiff and the class.

27. Plaintiff, and the class she represents, are entitled under this act to actual damages calculated by difference in price between the product as sold and what it would have been worth had it not been deceptively advertised, punitive damages, and attorneys' fees.

## COUNT 3

### Claims Under Similar State Statutes

28. Other states have deceptive trade practices acts which, as they apply to the facts at issue here, are in substance the same as the Acts referenced in Counts 1 and 2, prohibiting the conduct detailed herein. The other states with similar if not identical law are California, Florida, Michigan, Minnesota, Missouri, New Jersey, New York, and Washington. See Cal. Bus. & Prof. Code § 17200, et seq.; Fla. Stat. § 501.201 et seq.; Mich Stat. §445.901 et seq.; Minn Stat. §§325F.68-325F.70; Mo.

Rev. Stat § 407.010 et seq.; N.J. Stat. Ann. § 56:8-1 et seq.; N.Y. Gen. Bus. Law § 349 et seq.; and Wash. Rev. Code §19.86.010 et seq. On behalf of the plaintiff class, Plaintiff asserts claims under those statutes as well for class members residing in those states.

29. On behalf of the out-of-state class members, Plaintiff seeks actual damages, punitive damages, attorney's fees, and costs.

## PRAYER FOR RELIEF

Based on the foregoing, Plaintiff prays for the following relief:

A) An order certifying this as a multi-state class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B) An order appointing Plaintiff's counsel as Class Counsel to represent the interests of the class;

C) After trial, an injunction ordering Defendant to stop its violations of law as alleged herein;

D) After trial, an award of compensatory and punitive damages;

E) An award of costs, including reasonable attorneys' fees; and

F) Such further or different relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff demands trial by struck jury on all counts.

Respectfully Submitted,

/s/ John E. Norris
John E. Norris
One of the Attorneys for Plaintiff


**OF COUNSEL:**
DAVIS & NORRIS LLP
The Bradshaw House
2154 Highland Avenue South
Birmingham, Alabama 35205
Telephone: 205.930.9900
Facsimile: 205.930.9989
fdavis@davisnorris.com
jnorris@davisnorris.com
wbarnett@davisnorris.com
dware@davisnorris.com
krivers@davisnorris.com

Gerald Bekkerman
Jennifer Bekkerman
BEKKERMAN LAW OFFICES LLC
444 N. Michigan Ave., #1000
Chicago, Illinois 60611
Telephone: 312.254.7399
gbekkerman@bekkerman law.com
jennifer@bekkermanlaw.com